JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01103 JVS (JCGx) | Date | August 10, 2015 |
| Title | Western National Securities v. Michelle Perez | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| R. Scott Andrews | No Appearance |

**Proceedings:**    **(IN CHAMBERS) Order Granting Defendant's Motion to Remand**

     Cause called and counsel for plaintiff makes his appearance. The Court notes that there is no appearance on behalf of the defendant in this action. The Court's tentative ruling is issued. Counsel for plaintiff submits on the tentative ruling. The Court GRANTS the plaintiff's motion and rules in accordance with the tentative ruling as follows:

     Plaintiff Western National Securities (d/b/a Western National Property Management) ("Western National") moves to remand the above-tiled unlawful detainer action against Defendant Michelle Perez ("Perez") to the state court from which it was removed. (Docket No. 6.) Perez has not filed a timely opposition to the motion. (See Docket No. 10.)

     As described herein, the Court GRANTS Western National's motion.

I.     BACKGROUND

     On June 19, 2015, Western National filed an unlawful detainer action against Perez in the Superior Court of California, County of Orange. (Notice of Removal, Ex. A.)

     Perez removed the case to this Court on July 13, 2015. (Docket No. 1.) Perez invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331, based on her allegation that the state court violated her due process rights in failing to sustain a demurrer. (Notice of Removal 2-3.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-01103 JVS (JCGx)                           Date  August 10, 2015

Title  Western National Securities v. Michelle Perez

## II.   LEGAL STANDARD

### A.   Removal Generally and the Court's Duty to Remand Where Jurisdiction Uncertain

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the district must remand the action back to the state court from which it was removed. 28 U.S.C. § 1447(c).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. " Id.

### B.   Federal Question Jurisdiction

Where the removing party asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, that federal question must generally appear on the face of the initial complaint.  See Okla. Tax Comm'n v. Graham, 489 U.S. 838, 840, 109 S.Ct. 1519, 103 L. Ed. 2d 924 (1989) (referring to this standard as the "well-pleaded complaint" rule).  Defenses and counterclaims based on federal constitutional or statutory law may not normally serve as the jurisdictional basis for removal.  See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 555 U.S. 826, 831–32 (2002); Graham, 489 U.S. at 842.

## III.  DISCUSSION

### A.   Local Rule 7-12

Perez has not filed an opposition to Western National's motion.  The Court may deem such failure to oppose as consent to the granting of the motion.  L.R. 7-12.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-01103 JVS (JCGx)                     Date  August 10, 2015

Title  Western National Securities v. Michelle Perez

Sensitive to the fact that Perez is proceeding without representation, the Court examines the merits of the motion below.

### B.  Removal

Perez invokes the Court's federal question jurisdiction (see Notice of Removal 3), but as Western National notes, there is no federal issue on the face of the complaint. Rather the matter is a simple unlawful detainer action under Cal. Code Civ. Proc. §§ 1161-1179a. Raising a constitutional claim against a state court in a notice of removal is not a proper basis for removal. Therefore, removal is inappropriate on the basis of federal question jurisdiction.

Thus, the Court concludes that it does not have jurisdiction over the present action and must remand it to state court.

### C.  Attorneys' Fees & Costs

Pursuant to 28 U.S.C. § 1447(c), Western National requests an award of attorneys' fees and costs incurred in bringing this motion. (Mot. Remand 5.) Mindful of the fact that Perez is proceeding without representation, the Court DENIES Western National's request.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Western National's motion. The case is REMANDED.

IT IS SO ORDERED.

:  02

Initials of Preparer    kjt